IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JULIO RAMOS,** | CASE NO. 4:22 CV 1873 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN GARZA,** | |
| Respondent. | **MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

*Pro se* Petitioner Julio Ramos, an inmate in the Elkton Federal Correctional Institution ("FCI-Elkton") filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Ramos was convicted in the United States District Court for the Southern District of Texas on November 9, 2001, on charges of conspiracy to possess with intent to distribute cocaine and marijuana. *See U.S. v. Ramos*, No. 99 CR 457-4 (S.D. Tex.). He was sentenced on April 1, 2002, to 405 months in prison. *Id.* In the present Petition, he claims his sentence exceeded the term of incarceration agreed upon by the extradition treaty between the Dominican Republic and the United States. (Doc. 1). He seeks a reduction in his sentence to 30 years, or in the alternative, deportation to the Dominican Republic. *Id.* at 8. For the following reasons, the Court dismisses this action.

## BACKGROUND

Ramos alleges he was indicted for conspiracy and possession with intent to distribute cocaine and marijuana in August 1999. (Doc. 1-1, at 2). He is a citizen of the Dominican Republic and was located there at the time of the indictment. *See id.* He indicates the United States made a provisional request for his arrest and extradition pursuant to the Convention for the

Mutual Extradition of Fugitives from Justice between the United States and the Dominican Republic ("the Treaty"). *Id.* Extradition was granted, and Ramos was transferred to the United States. *Id.* Ramos contends the Treaty limits extradition to terms of incarceration of 30 years or less. (Doc. 1, at 7). He, however, was sentenced to 405 months (or 33.75 years) incarceration. Ramos claims his sentence violates the Treaty and seeks a reduction in his sentence or deportation. *Id.* at 8.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## DISCUSSION

A federal prisoner must challenge the legality of his conviction or sentence by filing a Post-Conviction Motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under 28 U.S.C. § 2241 may be used

by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 Petition where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which Petitioner was convicted, and by this interpretation excludes Petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under § 2255, or where he did assert his claim in an earlier motion under § 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

This is Ramos's fourth § 2241 Petition claiming that his sentence violates the Treaty between the Dominican Republic and the United States.

In 2012, Ramos filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Georgia in which he argued the trial court sentenced him in excess of 30 years, in violation of the Treaty. *Ramos v. Haynes*, No. 2:12 CV 44 (S.D. Ga.) (Doc. 1) (Mar. 1, 2012). The Southern District of Georgia found he could not proceed with the claim under § 2241 because he did not demonstrate that a Petition under § 2255 was inadequate or ineffective. *Id.* (Doc. 16) (May 25, 2012). The United States Eleventh Circuit

Court of Appeals affirmed that decision. *Ramos v. Warden, FCI Jesup*, 502 F. App'x 902 (11th Cir. 2012).

In 2013, Ramos filed a second Petition under § 2241, again arguing his sentence violated the Treaty. *Ramos v. Hastings*, No. 2:13 CV 95 (S.D. Ga.) (Doc. 1) (July 19, 2013). The Southern District of Georgia again dismissed the Petition for lack of jurisdiction and stated the claim could not be brought under § 2241. *Id.* (Doc. 12) (Jan. 28, 2014).

In March 2019, Ramos requested permission from the Fifth Circuit under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive Motion under § 2255(h). *See In re: Julio A. Ramos*, No. 19-20189 (5th Cir.).[1] The Fifth Circuit denied the Motion. *See id.* (Order dated Apr. 10, 2019). It warned Ramos "that the continued filing of frivolous, repetitive, or otherwise abusive attempts to challenge his convictions and sentences in this court or any court subject to this court's jurisdiction will invite the imposition of sanctions." *Id.*; *see also Ramos v. Ortiz,* No. 19 CV 12351, 2019 WL 5078730, at *1–3 (D.N.J.) (describing history of Ramos's filings).

In May 2019, Ramos filed a third § 2241 Petition in the United States District Court for the District of New Jersey and asserted once again that § 2241 provides a remedy because his sentence exceeded the maximum sentence he could receive under the Treaty. *Ramos v. Ortiz*, No. 19 CV 12351 (D.N.J.) (Doc. 1). The District of New Jersey dismissed the Petition and stated the Court lacked jurisdiction over the § 2241 Petition because Ramos had prior opportunities to raise his claims in the sentencing court, and the fact that he was denied the requested relief did not make § 2255 ineffective or inadequate. 2019 WL 5078730, at *3.

Undeterred, Ramos has now filed what is at least his fourth § 2241 Petition arguing his

---

1. In 2004, Petitioner filed an unsuccessful motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. *Ramos v. United States of America*, No. 04 CV3168 (S.D. Tex. Sept. 4, 2004).

sentence violates the Extradition Treaty because it exceeded 30 years. *See* Doc. 1. The above litigation history demonstrates two things. First, Ramos's argument that he lacked standing to raise this issue until 2017 when the Dominican Republic Consulate issued a certification (*see* Doc. 1-1, at 10) is meritless, as Ramos asserted this claim in 2012 and 2013. Those Petitions were not denied because he lacked standing to assert the claims. Second, Ramos presented this claim to the Fifth Circuit Court of Appeals. The fact that he was denied relief does not make his remedy under § 2255 ineffective or inadequate.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that this action is dismissed pursuant to 28 U.S.C. § 2243; and it the Court

FURTHER CERTIFIES, pursuant 28 U.S.C. § 1915(a)(3), that an appeal could not be taken in good faith.

                                               s/ *James R. Knepp II*
                                               UNITED STATES DISTRICT JUDGE